IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DARRELL VICK,                              }
TDCJ-CID NO. 1349681,                      }
        Petitioner,                  }
v.                                         }          CIVIL ACTION NO. H-08-2080
                                     }
NATHANIEL QUARTERMAN,                      }
        Respondent.                  }

## OPINION ON DISMISSAL

Petitioner Darrell Vick, an inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ('TDCJ-CID'), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his felony conviction for possession of a controlled substance.   (Docket Entry No.1).   Respondent has filed a motion for summary judgment.   (Docket Entry No.14).   Petitioner has not filed a response to the motion.   After considering all pleadings and the entire record, the Court will grant respondent's motion for summary judgment and dismiss this habeas petition.

## I. BACKGROUND AND PROCEDURAL HISTORY

A jury in the 185th Criminal District Court of Harris County, Texas convicted petitioner of possession of a controlled substance in cause number 1029457.  *Vick v. State*, 14-06-00089-CR, Clerk's Record, page 45.  Petitioner pled true to two enhancement paragraphs and the jury sentenced him to forty-five years confinement in the Texas Department of Criminal Justice-Correctional Institutions Division.  *Id.*  Petitioner complained on direct appeal that the evidence was legally and factually insufficient to support the conviction and that the trial court erred in denying his request for a jury instruction on the lesser-included offenses of possession of

1

one to four grams of cocaine and possession of less than one gram of cocaine.  *Vick v. State*, No.14-06-00089-CR, 2007 WL 582321 (Tex. App.–Houston [14th Dist.] 2007, pet. dism'd).   The state intermediate appellate court overruled his grounds for relief and affirmed the judgment of the lower court.  *Id.*  The Texas Court of Criminal Appeals granted petitioner an extension of time to file a petition for discretionary review ("PDR").  *Texas Court website*.[1]  On August 22, 2007, the Texas Court of Criminal Appeals dismissed the PDR as untimely filed.  *Id.*[2]  Petitioner did not file a petition for writ of *certiorari* in the United States Supreme Court.

Petitioner sought state habeas relief from the conviction on the following grounds:

1.    He was denied due process because his PDR was dismissed illegally;

2.    The State illegally informed the jury during the guilt-innocence phase of trial about petitioner's remote convictions in violation of Rule 609(a) of the Texas Rules of Evidence;

3.    He was denied the effective assistance of counsel at trial because his appointed counsel did not move to suppress evidence of a crack pipe;

4.    The state district court denied his request for a jury instruction on the lesser-included offenses.

*Ex parte Vick*, Application No.69,854-01, pages 7-10.  The state district court, sitting as a habeas court, recommended that relief be denied.  *Id.*, pages 51-53.  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing.  *Id.* at cover.

In the pending petition, petitioner seeks federal habeas relief from this conviction on the same grounds that he raised in his state habeas application.  (Docket Entries No.1, No.2).

---

[1] http://www.14thcoa.courts.state.tx.us/opinions/event.asp?EventID=2128516

[2] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2300310

Respondent moves for summary judgment on grounds that petitioner has failed to meet his burden of proof under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that his claims fail on the merits.  (Docket Entry No.14).

## II. DISCUSSION

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56.  The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief.  *Williams v. Taylor*, 529 U.S. 362 (2000).  In this case, petitioner presented claims in a

PDR and a state habeas corpus application.  The Texas Court of Criminal Appeals dismissed the PDR and denied the state habeas application without written order.  As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)).  Therefore, only those claims properly raised by petitioner in the state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2).  *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness."  *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).  Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning."  *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers")).

4

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable." *Id.* Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 2254 Cases in District Courts). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence' as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

## A. Untimely PDR

Petitioner alleges that the Texas Court of Criminal Appeals illegally dismissed his PDR as untimely even though petitioner timely placed the PDR in his Unit's mailbox; petitioner maintains that the appellate courts should have given him the benefit of the "mailbox rule." (Docket Entries No.1, No.2). The Texas "mailbox rule" provides the following, in pertinent part:

> A document received within ten days after the filing deadline is considered timely filed if:
>
> > (A) it was sent to the proper clerk by United States Postal Service first-class, express, registered, or certified mail;
> >
> > (B) it was placed in an envelope or wrapper properly addressed and stamped; and,
> >
> > (C) it was deposited in the mail on or before the last day for filing.

TEX. R. APP. PROC. 9.2(b).

Petitioner claims that he deposited his PDR in the Boyd Unit mailbox weeks before the deadline to file his PDR expired. (Docket Entry No.2). He wrote the Clerk of the Fourteenth Court of Appeals sixty days later to inquire if the PDR had been received. (*Id.*). When he learned shortly thereafter that the PDR had not been received for filing, he sent the

6

appellate court a copy of the PDR and an I-60 signed by the Boyd mailroom supervisor, stating that he had mailed a legal package to the appellate court on April 4, 2007.[3]  (*Id.*).  The Texas Court of Criminal Appeals dismissed the PDR as untimely.  Petitioner claims that such dismissal violates his right to due process and equal protection because as a result of the dismissal, he waived review of certain issues that may only be brought on appeal and he was denied timely access to the courts.  (*Id.*).

The state habeas courts found that Rule 9.2(b) was inapplicable to petitioner's claim that his PDR was improperly dismissed because he failed to show that his petition was received within ten days of the filing deadline and that he mailed the petition on or before its due date.  *Ex parte Vick*, Application No.69,854-01, page 51.  Petitioner states no facts and presents no evidence to show overcome these findings.

To the extent that petitioner seeks a ruling that the state courts misapplied Rule 9.2(b), such claim is not cognizable on federal habeas review.  It is not the function of the federal habeas court to review the interpretation of state law by the state court.  *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). "Federal habeas relief is reserved for the vindication of federal constitutional rights." *Martinez v. Johnson*, 255 F.3d 229, 246 (5th Cir. 2001).  When there has been a violation of state procedure, the Court inquires whether there has been a violation of the defendant's due process rights that would render the trial as a whole fundamentally unfair. *Manning v. Blackburn*, 786 F.2d 710, 711-12 (5th Cir. 1986).  To show that his trial was fundamentally unfair, petitioner must show he suffered some prejudice as a result of the alleged error in dismissing his PDR as untimely.  *Id.*  Because petitioner fails to overcome the state

---

[3] Petitioner attached a copy of the I-60 to his state habeas application.  *Ex parte Vick*, Application No.69,854-01, page 19.  The exhibit reflects that the mailroom supervisor informed petitioner, in response to his inquiry, that the mailroom staff does not research legal logs for offenders "unless they are using the log book they are asking about." *Id.*

habeas courts' finding that his PDR was not improperly dismissed, he cannot show that he suffered any actual prejudice; therefore, his denial of due process, equal protection, and access to courts claims are without merit.

### B. Remote Convictions

Next, petitioner complains that the state district court erred by admitting impeachment evidence of remote prior convictions in violation of Rule 609(b) of the Texas Rules of Evidence because they were prejudicial and not sufficiently probative.  (Docket Entries No.1, No.2).  "[E]rrors of state law, including evidentiary errors, are not cognizable in [federal] habeas corpus [proceedings] as such." *Derden v. McNeel*, 978 F.2d 1453, 1458 (5th Cir. 1992) (citing *Estelle v. McGuire*, 502 U.S. 62 (1991)).   The only relevant inquiry is whether the admission of this testimony violated petitioner's federal constitutional rights.    *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).  The admission of evidence violates the Due Process Clause if it is "so unduly prejudicial that it renders the trial fundamentally unfair." *Payne v. Tennessee*, 501 U.S. 808, 825 (1991).

In this case, petitioner states no facts to show how the admission of evidence of remote convictions violated his federal constitutional rights and he makes no claim that the admission of such evidence violated his rights under federal law or the Constitution.  As in his state habeas application, petitioner seeks relief in the pending petition from the alleged violation of a state rule of evidence.  "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 366 (1995).  Because petitioner's claim is grounded in state law, he states no ground for relief in federal court.

C. Ineffective Assistance of Counsel

Petitioner contends he was denied the effective assistance of counsel at trial because his defense attorney, Patricia Sedita, did not move to suppress a crack pipe that was retrieved and stored with the crack cocaine recovered at the scene of the crime.  (Docket Entries No.1, No.2).  Petitioner claims had Sedita examined the bag containing the cocaine, she would have moved to suppress the crack pipe.  (*Id.*).  Instead, she allowed the jury to consider petitioner's crack pipe as an affirmative link to petitioner's possession of the cocaine.  (*Id.*).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense.  *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692).  The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness.  *Ogan*, 297 F.3d at 360.  Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy."  *West v. Johnson,* 92 F.3d 1385, 1400 (5th Cir. 1996).  To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir.

1993).   Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 687-90.   A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.   "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.   Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)).   "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001).   Because petitioner's ineffective-assistance claim was previously considered and rejected on state habeas corpus review, the state court's decision on such claim will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner fails to show that his trial counsel's performance was deficient because he fails to show that the crack pipe was inadmissible.   *See e.g., Kirkpatrick v. Butler*, 870 F.2d 276, 283 (5th cir. 1989) (holding failure to move to suppress evidence, when evidence would have been suppressed if objected to, can constitute deficient performance).   The record reflects

that the pipe was discovered by a police officer who searched petitioner at the scene. *Vick v. State*, No. 14-06-00089-CR, Reporter's Record, Volume 4, page 40. Attorney Sedita attested by affidavit in state habeas proceedings that "[a] motion to suppress would have been a frivolous motion and have had no legal merit" because petitioner had been arrested for possession for the crack cocaine that fell out of his pants and the pipe was found on his person when he was searched pursuant to his arrest. *Ex parte Vick*, Application No.69,854-01, page 48. The state habeas courts found that "trial counsel's decision not to file a motion to suppress the crack pipe was not unreasonable" and that petitioner failed to show that he suffered prejudice from her failure to file such motion. *Id.*, page 52.

A counsel's failure to raise meritless objections is not ineffective assistance of counsel. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the state court findings resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light the evidence presented at trial.

<u>D. Lesser-Included Offense Instruction</u>

Petitioner complains that the state district court erred in failing to give an instruction on the lesser-included offense of possession of a controlled substance one to four grams and on the offense of possession of a controlled substance of less than one gram. (Docket Entry No.2). The Fifth Circuit, however, has repeatedly held that there is no federal constitutional right to an instruction on a lesser included offense in a noncapital state trial. *Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998); *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985); *Easter v. Estelle*, 609 F.2d

756, 758 (5th Cir. 1980).  In this case, the state habeas courts noted that the appellate court had rejected petitioner's claim regarding the lesser-included offense instruction.  The state courts also found that petitioner's challenge to the jury charge did not implicate due process, and that the evidence at trial did not support a finding that petitioner was guilty of a lesser-included offense; therefore, petitioner was not entitled to such a charge.  *Ex parte Vick*, Application No.69,854-01, page 52.  The state habeas courts concluded that petitioner had failed to demonstrate that his conviction was improperly obtained in any way.  *Id*.  Petitioner presents nothing to overcome these findings.

Petitioner's lesser-included offense claim does not present a federal question; therefore, this Court defers to the state court's interpretation of its own law regarding whether a lesser-included instruction was warranted.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

12

find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state habeas proceeding, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.14) is GRANTED.

2. Petitioner's petition for federal habeas relief is DENIED.

3. A certificate of appealability is DENIED.

4. All other pending motions, if any, are DENIED.

5. This habeas action is DISMISSED with prejudice.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 27th day of July, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE